UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC., | Civil Action No. |
| Plaintiff, | 21-cv-09579 (JXN) (JRA) |
| v. | |
| MI PTS8 LLC, et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Plaintiff, Super 8 Worldwide, Inc. ("Plaintiff"), moves to strike the Answers of Defendant MI PTS8 LLC ("MI PTS8") and Defendant Venkat Iyer ("Iyer") and enter default pursuant to Fed. R. Civ. P. 55(a). ECF No. 66 (the "Motion"). The Honorable Julien Xavier Neals, U.S.D.J., referred this motion to me for a Report and Recommendation. I decide the Motion on the papers and without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b). For the reasons discussed below, I respectfully recommend that the Motion be **GRANTED** with respect to corporate Defendant MI PTS8 and **DENIED** with respect to individual Defendant Iyer.

I.   BACKGROUND

Plaintiff initiated this action on April 16, 2021, alleging a breach of the parties' franchise agreement. Compl., ECF No. 1. According to the Complaint,[1] Plaintiff entered into a franchise agreement with corporate Defendant MI PTS8 LLC, on or

---

[1] The Complaint was amended on May 23, 2022. ECF No. 31. For the purposes of this Report and Recommendation, the Amended Complaint does not meaningfully differ from the initial complaint as described herein.

1

around June 1, 2019, for the operation of a guest lodging facility in Pinetop, Arizona. Compl. ¶ 10. Defendants Iyer and Robert McCune ("McCune"), as "the only constituent members of MI PTS8," signed the franchise agreement and guaranteed Defendant MI PTS8's obligations under the franchise agreement. *Id.* ¶¶ 3-5, 20. The franchise agreement required Defendant MI PTS8 to operate the lodging facility for a twenty-year term and to make periodic payments to Plaintiff for royalties and other related fees. *Id.* ¶¶ 12-13. In addition, Defendant MI PTS8 agreed that it would pay liquidated damages to Plaintiff in the event of a termination of the agreement prior to the end of its term. *Id.* ¶¶ 17-18.

Plaintiff alleges that, on or about June 1, 2020, Defendant MI PTS8 lost possession of the lodging facility, and thereby unilaterally terminated the franchise agreement. *Id.* ¶ 23. Through this action, Plaintiff seeks recovery of liquidated damages, revenue, and other damages it is allegedly owed as a result of the franchise agreement's termination. *See id.* ¶¶ 25-51. On May 10 and 11, 2021, Plaintiff served a copy of the Complaint and Summons on all Defendants. ECF Nos. 5, 6. On July 20, 2021, Michael Orozco, Esq., then-counsel for all Defendants, filed an Answer.[2] ECF No. 13. On May 23, 2022, as the result of a consent order, Plaintiff filed an Amended Complaint. ECF Nos. 30, 31. In the meantime, discovery was ongoing,

---

[2] Initially, Defendants did not timely answer or otherwise respond to the Complaint. Accordingly, on June 3, 2021, Plaintiff requested the entry of default. ECF No. 7. On June 4, 2024, the Clerk of the Court entered default. On June 8, 2021, Defendant Iyer wrote to Judges Vazquez and Allen and requested additional time to obtain representation. ECF Nos. 8, 9. Judge Allen granted this request, and set a July 15, 2021 deadline for all Defendants to obtain counsel. ECF No. 10. Judge Allen's order noted that, if no attorney appeared by July 15, 2021, individual Defendants Iyer and McCune would be deemed to be representing themselves *pro se*, and corporate Defendant MI PTS8 would be deemed unrepresented by counsel. *Id.* Defense counsel entered his appearance and filed an Answer on behalf of all Defendants on July 20, 2021. ECF Nos. 12, 13.

with fact discovery scheduled to close on November 2, 2022. ECF No. 35. As that deadline was approaching, two things happened: (1) on September 27, 2022, the parties represented to the Court that they had "completed most written discovery in this matter, including the depositions of defendants" and (2) on October 10, 2022, Defendants filed an Answer to the Amended Complaint. ECF Nos. 34, 36.

On December 15 and 19, 2022, Defendants participated in a settlement conference before the Court, which resulted in a settlement between all parties. However, soon after the conference, Defendant Iyer stopped responding to his attorney's outreach attempts and the parties' settlement agreement fell apart. *See* ECF No. 60-2 ¶¶ 6-7. Thereafter, Plaintiff reached a separate settlement agreement with Defendant McCune, who was dismissed pursuant to the parties' stipulation on November 16, 2023. ECF No. 54. After McCune was voluntarily dismissed, the Court granted counsel leave to move to withdraw as counsel for individual Defendant Iyer and corporate Defendant MI PTS8. *See* ECF No. 58. Counsel filed his motion on February 7, 2024, and certified that, over the past year, Defendants Iyer and MI PTS8 had "ceased all communication with [their attorney] despite numerous attempts through multiple mediums." ECF Nos. 60-1 at 2, 60-2 at ¶¶ 6, 10.

On March 4, 2024, the Court granted counsel's motion to withdraw as to corporate Defendant MI PTS8 and individual Defendant Iyer. ECF No. 63. Because corporate entities may only appear in federal court through a licensed attorney, this same order also required corporate Defendant MI PTS8 to enter an appearance of new counsel by April 5, 2024. *Id.* at 3. To date, no such filing has been made.

The Court also ordered Plaintiff to write to the Court by April 12, 2024, to indicate which, if any, motions it wished to file. *Id.* at 4. Thereafter, Plaintiff requested "leave to file a Motion to Strike defendant MI PTS8 LLC and Iyer's Answer for failure to comply with a Court Order and to enter default." ECF No. 64. The Court granted this request on May 8, 2024. ECF No. 65. On May 24, 2024, Plaintiff moved to strike Defendants' Answer pursuant to Federal Rule of Civil Procedure 37(b) "for failure to respond to discovery" and to enter default pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 66-1 at 1-2.

## II.   DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure authorizes a court to sanction a party that fails to respond to discovery. Fed. R. Civ. P. 37(b). In general, regarding sanctions, the Court may "issue any just orders, including those authorized by Rule 37(b)(2)(A) (ii)-(vii)[.]" Fed. R. Civ. P. 16(f)(1). Specifically, Federal Rule of Civil Procedure 37(b)(2)(A) states in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
> . . .
> (iii) striking pleadings in whole or in part;
> . . .
> (vi) rendering a default judgment against the disobedient party[.]

In *Poulis v. State Farm & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit identified six factors to evaluate when determining whether the sanction of dismissal is appropriate. The *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history

4

of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* No *Poulis* factor is dispositive, and dismissal can be granted even when some of the factors are not met. *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003). As such, the decision whether to dismiss is left to the Court's discretion. *Id.; see Chiarulli v. Taylor,* No. 08-cv-4400, 2010 WL 1371944, at *2 (D.N.J. Mar. 31, 2010). However, "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, . . . and are to be reserved for [such] cases." *Poulis*, 747 F.2d at 867-68 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Although the Motion notes that the Court has the power to strike a pleading and/or render a judgment by default as a sanction against a party who fails to obey a court order regarding discovery, ECF No. 66-1 at 4, the Motion does not indicate which, if any, discovery orders were disobeyed. Indeed, fact discovery in this matter closed on November 2, 2022, *see* ECF No. 35, and as noted above, on September 27, 2022, prior to the close of fact discovery, the parties represented to the Court that they had "completed most written discovery in this matter, including the depositions of defendants." ECF No. 34 at 1. As such, the Court is unable to apply the *Poulis* factors to the Motion's request for sanctions for alleged discovery violations.

Instead, the Motion focuses on corporate Defendant MI PTS8 and individual Defendant Iyer's failure to "respond or otherwise defend themselves in this Action since the Court granted former defense counsel's Motion to Withdraw." ECF No. 66-

5

1 at 1.  It is important to differentiate between corporate Defendant MI PTS8 and individual Defendant Iyer.  Per my Order granting counsel's motion to withdraw, only corporate Defendant MI PTS8 LLC was required to enter the appearance of new counsel by April 5, 2024.  ECF No. 63 at 3.  As an individual, Defendant Iyer is permitted to appear *pro se,* unlike a corporate defendant.[3]  Indeed, the Motion does not specify any court order that Defendant Iyer has failed to comply with.  As such, I cannot recommend that Judge Neals strike individual Defendant Iyer's Answer at this time.  However, I respectfully recommend Plaintiff be granted leave to move for summary judgment against Defendant Iyer only.

With respect to corporate Defendant MI PTS8, the Motion points to its failure to enter the appearance of new counsel by April 5, 2024, as required by the Court's Order.  ECF No. 63 at 3.  Despite the ample time afforded, corporate Defendant MI PTS8 has neither obtained new counsel, nor communicated with the Court as to its efforts, if any, to secure legal representation.  "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."  *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *see also Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966) (holding that a corporation is required to "employ an attorney at law to appear for it and represent it in the court").  "[C]ourts in this District have found it appropriate to enter default judgment" pursuant to Federal Rule of Civil Procedure 55(a) "where a corporation or

---

[3] In fact, Defendant Iyer has previously communicated with the Court directly and has filed letters *pro se* that were addressed to Judges Vazquez and Allen.  *See* ECF Nos. 8, 9.

6

an LLC's counsel withdraws and no new counsel is obtained." *See Linde Gas N. Am., LLC v. Irish Oxygen Co.*, No. 18-cv-12365, 2020 WL 374466, at *1 (D.N.J. Jan. 23, 2020) (citations omitted).

Therefore, because Defendant MI PTS8, as a corporation, cannot proceed as an unrepresented party in this action, I respectfully recommend that Judge Neals strike the Answer of corporate Defendant MI PTS8, and enter default against it.[4]

### III.  CONCLUSION

For the foregoing reasons, I respectfully recommend that Plaintiff's motion be **GRANTED** with respect to corporate Defendant MI PTS8 and **DENIED** with respect to individual Defendant Iyer.  Further, considering the posture of this case and in the interest of judicial economy, I respectfully recommend Plaintiff be granted leave to move for summary judgment against Defendant Iyer only.  The parties have fourteen days to file and serve objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); L.Civ.R. 72.1(c)(2).

*[signature]*

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Dated:  October 1, 2024

---

[4] I note that the Answer to the Amended Complaint (ECF No. 36) has been jointly filed on behalf of Defendants MI PTS8, Iyer and McCune. As such, my recommendation to strike the Answer applies only to corporate Defendant MI PTS8.